IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. _____

| | |
|---|---|
| APRIL HUBBARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | **(Jury Trial Demanded)** |
| FEDEX GROUND PACKAGE SYSTEM, ) | |
| INC. ) | |
| ) | |
| Defendant. ) | |

Plaintiff, hereby complains that she was subject to discrimination by her employee on the basis of her sex and age and that she suffered retaliation for having previously complained about illegal discrimination to her employer. Defendant's actions violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., and the Age Discrimination and Employment Act (ADEA), 29 U.S.C. §621 et seq. Plaintiff seeks compensatory damages and equitable relief.

## I. INTRODUCTION AND JURISDICTION

1. This is an action seeking damages as well as legal, equitable and declaratory relief under the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. Plaintiff's claims arise from Defendant's discrimination based on her gender and age.

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. §1434, this suit being a proceeding seeking to enforce rights and remedies secured in Section 1981. Jurisdiction is also conferred upon this court by §1331.

3.     Jurisdiction of the court is invoked pursuant to 28 U.S.C. §§2201 and 2202, this being an action for declaratory judgment declaring illegal the acts of Defendant complained of herein, violating rights secured to Plaintiff by Section 1981.

## II. PARTIES

4.     Plaintiff is an African-American female who resides in Fayetteville, Cumberland County, North Carolina.

5.     Defendant is a corporation doing business in Fayetteville, Cumberland County, North Carolina and is in the business of providing courier and package service delivery. Defendant is an employer within the meaning of Title VII and the ADEA.

## III. FACTS

6.     Plaintiff was employed by Defendant on or about December 14, 2018. She was employed as a package handler and later promoted to supervisor.

7.     In the course of her employment, she was subjected to a hostile work environment based on her age and gender, which was created by the Sort Manager, Gregory Yow (male).

8.     In or about October or November, 2020, Plaintiff contacted the Human Resources Department of Defendant to complain about a hostile work environment and age discrimination and gender bias, either directly caused by Gregory Yow or condoned and ratified by him.

9.     Plaintiff's position was as a Supervisor and as such she was responsible for the supervision of a number of employees whose tasks were to sort and load items for distribution and delivery by Defendant. Plaintiff encountered difficulties with employees whom she was required to discipline and coach. Plaintiff complained about how she and older workers were treated by the Manager who encouraged employees to make complaints about her. Male employees were not treated in the same way. Younger employers were also not treated in the

2

same way. When younger employees did not perform their duties, Plaintiff was not given adequate support by her Manager.

10. In April, 2021, Plaintiff was notified by the Human Resources Representative, Jessica Jamison, that her allegations of discrimination and hostile work environment were unsubstantiated and that her case was closed. Within a few days, Plaintiff was transferred from the shift on which she worked, which was more suitable to her, to go to the night shift, even though she had never been approached by anyone about the transfer.

11. On that night shift, Plaintiff encountered an unmotivated work force which often allowed the work to get backed up. Plaintiff was often disrespected by workers at the behest of her Managers who constantly sought negative feedback from the employees. In fact, they encouraged employees to make negative comments about Plaintiff. Plaintiff was not provided with adequate staff to perform the tasks assigned her. Other younger managers were not subjected to this treatment. Even though Plaintiff had filed a charge against her Manager, Greg Yow, she remained under his supervision.

12. On April 11, 2021, Plaintiff was suspended after she, following the company's policies, held employees accountable for their attendance by giving them a written warning. One employee refused to sign and the two others were unhappy. One of the employees was upset that he had been given a pass by a former manager for similar conduct and became irate and raised his voice with Plaintiff. He had to be escorted off the premises. That employee was terminated after the Plaintiff reported his conduct.

13. Within days of Plaintiff reporting the employee's conduct, Plaintiff was told that she was being suspended because the terminated employee alleged that she suggested that they take the discussion outside and that he was threatened by that.

3

14. On May 4, 2021, Plaintiff was terminated. She was not given a reason for the termination or the suspension.

15. Defendant's Manager Yow treated Plaintiff and another older worker differently than the younger employees.

16. Mail managers received support when they had to make decisions regarding employees. Plaintiff was not afforded the same treatment.

## IV. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION – TITLE VII

17. Plaintiff hereby incorporates Paragraphs 1 through 16 above.

18. Plaintiff was subjected to discrimination in violation of Title VII of the Civil Rights Act of 1964 when she was treated differently than her male counterparts in the terms and conditions of employment. More specifically, her male manager allowed other male managers more authority to handle employee issues than he did Plaintiff. Further, Plaintiff was given work loads that were known to have problems because of volume or organizational structure. Plaintiff did not receive support or help from her manager in handling that work.

19. Defendant's actions violate Title VII of the Civil Rights Act of 1964.

20. Plaintiff is entitled to economic and compensatory damages.

### SECOND CAUSE OF ACTION – RETALIATION

21. Plaintiff hereby incorporates Paragraphs 1 through 20 above.

22. Plaintiff filed an internal complaint of discrimination against her Manager in either October or November, 2020. That investigation was ongoing until April, 2021, when the Human Resources Department advised her that it did not find evidence to substantiate her claim and that they closed her case. Immediately thereafter, Plaintiff was transferred from the first shift to the third shift.

23. Plaintiff's transfer was to an undesirable shift and was done without giving her an explanation. Plaintiff was managed by the same manager as she had on the first shift and against whom she complained to Human Resources. Plaintiff's transfer was unwanted and she never consented to it. But for the Plaintiff's engagement in a protected activity, her transfer would not have occurred.

24. Soon after Plaintiff's transfer, she encountered difficulties with employees who did not respect her actions and her position as their Manager. Plaintiff was terminated on May 4, 2021, allegedly for threatening an employee. Plaintiff denies threatening the employee and believes that if Defendant had done an adequate investigation by speaking with witnesses who were present, it would have seen that she had not threatened anyone. Further, Greg Yow's tendency to seek negative comments about Plaintiff communicated to her subordinates that she was not in favored status with him, which made her work more difficult. But for the Plaintiff's engagement in the protected activity, she would not have been terminated from her employment.

25. As a result of Defendant's actions which violate Title VII of the Civil Rights Act of 1964, Plaintiff would not have been terminated.

26. As a result of Defendant's actions, Plaintiff has suffered economic and compensatory injury.

### THIRD CAUSE OF ACTION – AGE DISCRIMINATION UNDER THE ADEA

27. Plaintiff realleges Paragraphs 1 through 26 above and incorporates them herein.

28. Plaintiff is an employee over the age of 40. Plaintiff was treated differently than younger employees by her Manager. Plaintiff's transfer to the third shift and her termination were as a result of her age. Defendant's actions violate the ADEA.

29. Plaintiff suffered economic injury and emotional distress.

30. Defendant's actions violate the ADEA.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES (DO NOT NEED IF COMPLAINT IS ONLY SECTION 1981)

31. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on July 12, 2021, EEOC Charge No. 433-2021-01374. The Equal Employment Opportunity Commission issued Plaintiff a dismissal and notice of rights on January 31, 2021. Plaintiff is filing this Complaint within ninety (90) days of the date of the receipt of the Dismiss and Notice of Right to Sue letter, has complied with all jurisdictional requirements of Title VII and ADEA, and has exhausted all administrative prerequisites to instituting this proceeding.

## VI. JURY TRIAL DEMAND

31. Plaintiff hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the discrimination alleged herein be remedied in full and that the court, after a jury trial:

a) Declare the actions complained of herein to be illegal;

b) Issue an injunction enjoining the Defendants, their agents, employees, successors, attorneys and those acting in concert or participation with the Defendants and at their direction from engaging in the unlawful practices set forth herein;

c) Award Plaintiff his costs and expenses in this action, including reasonable attorney's fees, costs and other litigation expenses; and

d) Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This 30th day of March, 2022.

*/s/ Geraldine Sumter*
Geraldine Sumter
N. C. Bar No. 11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
Email: gsumter@fergusonsumter.com

Attorney for Plaintiff